Wanamaker, J.
This cause involves the construction and application of Section 6308, General Code, which- reads:
*119 “Actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought, by the person injured, against such owner in the county wherein such injured person resides. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
The first question presented under such Code section is whether the section is broad enough to cover an action by an administrator for the personal injuries sustained by Sarah Einehart in her lifetime, occasioned by the negligence of the owner of a motor vehicle, as set forth in the first cause of action; the second is whether or not such section is broad enough to cover the second cause of action, to-wit, the damages for the wrongful death by the negligence of the owner of the motor vehicle.
If that section is broad enough to cover either causé of action, then the motion to quash the service of summons should have been overruled, and the judgment of the Court of Appeals should be affirmed.
That there are two causes of action legally pleaded so far as this motion is concerned .is clear by virtue of the doctrine announced by this court in Mahoning Valley Ry. Co. v. Van Alstine, Adm’r, 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N.S.), 893. Likewise, it has long ceased to be an open question in Ohio that the right to sue for injuries, either in the first cause of action or the second cause of action, does survive and succeed to the personal representative *120 for the benefit of the estate, or next of kin, as provided in the statute.
The question then is really one of venue: Where should the action be brought? So far as has been brought to our attention, the only case dealing with this section of the General Code that has been before this court is the one challenging the constitutionality of this statute. In Allen v. Smith, 84 Ohio St., 283, 95 N. E., 829, Ann. Cas., 1912C, 611, that question was determined in favor of the validity of the statute. Judge Spear wrote the opinion of the court, in which he makes some rather pertinent observations touching the nature of the statute, and the need of such statute.
On page 294 of 84 Ohio St., on page 832 of 95 N. E. (Ann. Cas. 1912C, 611), of the opinion, he observes :
“It is a remedial act, intended, in the first instance, to regulate the use of automobiles, and to provide for the safety of others who are lawfully using the public highways. Why should they not be regulated, and why should not the old-fas1,ioi:':d user of the highway be protected by the law? Doesn’t everybody know that the automobile is a new machine of travel; its use a new use of the highway; that it is dangerous to other travelers; that its power, its capacity for speed, the temptation it affords the reckless driver to operate it at a dangerous rate and in a careless manner, all distinguish the automobile from all other vehicles. Surely it cannot be necessary to further elaborate this fact so patent to every observing and reading person. The automobile is, therefore, a class by itself, the users of such machines a class by themselves, and legislation in *121 recognition of this condition is based upon a solid, easily recognized distinction.”
This opinion was written in 1911. The number of automobiles, passenger ears, and trucks operated upon the public highways of Ohio at that time was 25,788. In 1923 there are operating upon the public highways of Ohio 851,500 passenger cars and trucks, almost fortyfold as many, to say nothing of the increased speed and power of the modem motor. If those dangers were patent in 1911, what must be said in 1923?
The statute declared the equitable rule that the remedy should be provided in the jurisdiction in which the injured party resided. This section of the statute places paramount the rights of the injured person and permits such injured person to sue at his own home in his own county. It gives the option to the person wronged rather than to the person who commits the wrong.
Now these statutes regulating procedure are clearly remedial in their nature, as Judge Spear observes in the Allen case, supra¡, and therefore such sections should be liberally construed and applied to effect their self-evident purpose.
When it is held that either or both such causes of action as are pleaded in this cause survive the death of the injured party, then it must follow that with those causes of action there also survived all the incidents, accessories, or options which the original party had—here, the injured party. With the survival of the right of action there also is intimately associated the right to remedy, what such remedy shall be, and where such remedy shall be secured ; these are inseparably bound in the survival of *122 the right of action unless this statute expressly provides otherwise.

Judgment affirmed.

Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur.